HEIRS OF JUAN FRANCISCO TIRADO, ETC., Plaintiffs and Appellants, *v.* SUPREME BROADCASTING CO., INC., Defendant and Appellee.

No. R-68-97.     Decided April 1, 1970.

*Celedonio Medín Lozada* for appellants. *José Sabater* for appellee.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

The Heirs of Juan Francisco Tirado, and of Marta Saltares, composed of María, Salustiano, Gil, and Cleofe Tirado Saltares, filed a complaint in the Mayagüez Part of the Superior Court, against Supreme Broadcasting Co., Inc., and it was alleged:

(1) That plaintiffs are owners by inheritance from their parents, of a rural property described as parcel of land with an area of 15 hundredths of a cuerda, bounded by lands of the defendant, Supreme Broadcasting Co., Inc., on the North, East, and West, and by lands of Rosendo Quiñones, on the South; (2) that they acquired it by purchase in 1919, by public deed which was destroyed; (3) that since 1919, their parents and they afterwards have possessed the property as owners, quietly, peacefully, publicly, and uninterruptedly, for a period of 47 years; (4) that the defendant alleges to be the owner of a property of 3 and 1/4 cuerdas recorded at folio 160 of volume 441 of Mayagüez, property No. 12,678, first ownership entry, and as this property of defendant was described and recorded, it embraces within its boundaries the area of 15 hundredths of a cuerda property of plaintiffs; and (5) that defendant claims to be the owner of this property of 15 hundredths of a cuerda, pursuant to the description contained in the first ownership entry already mentioned. A judgment was requested declaring void the record of the property in the registry in favor of defendant and of the former owners from whom defendant acquired it, and decreeing that the parcel of 15 hundredths of a cuerda previously described was plaintiffs' exclusive property.

In the hearing of the case on the merits, plaintiffs submitted oral and documentary evidence. Defendant submitted no oral evidence. From the stenographic transcript of said evidence, the following unchallenged and uncontradicted facts arise:

Plaintiff Salustiano Tirado Saltares testified that in 1919 his father purchased the parcel of 15 hundredths of a cuerda

in ward Algarrobo of Mayagüez, on which there was a small house; that at the present time that parcel is bounded on the North, East, and West, by property of defendant, Supreme Broadcasting Co., Inc., and on the South, by lands of Rosendo Quiñones; that 24 years before, when his father died, it was bounded on the North by Domingo Franqui, on the West by Balbina Alers, on the East by Luis Heyliger, and on the South by María Pacheco. His father acquired the property by virtue of public deed executed before Notary Mariano Riera Palmer, this document being destroyed during the San Felipe cyclone, and also the original was destroyed by a fire in the notary's office. Since 1919, first his parents and then plaintiffs have been in possession of said property, quietly, publicly, peacefully, and uninterruptedly, without absolutely any one having claimed from them to the contrary, until now that the defendant claims the property belongs to it. He testified that the property has been fenced ever since it was purchased.

Cross-examined by the defendant, he testified that he was 78 years old; that since 1919 the house was occupied by his father and his sister María Tirado, who has lived in it since 1919; it was destroyed by the cyclone in 1928 and it was built again. The deed of acquisition was in his hands before the same was destroyed.

Next in the record is the testimony of Felícita Santana, plaintiffs' second witness. She said she was 81 years old and had been a school teacher; she knew plaintiffs' father; she testified having sold to the latter in 1919 the parcel of 15 hundredths of a cuerda, with its house, in ward Algarrobo, house in which María still lives; that at that time the tenement was bounded by her mother-in-law, Balbina Rodríguez; on another side by the highway and Juana Rodríguez; on another by the Heyligers and by one María Pacheco. She affirmed that she performed the sale through public deed,

before Notary Mariano Riera Palmer. She was not cross-examined.

Plaintiffs' *Exhibit 1* is the Dominion Title Proceeding CS-58-871 brought in the Mayagüez Part of the Superior Court by Juan Domingo Franqui Torres and Carmelo Franqui Torres as petitioners. Pursuant to this proceeding the Mayagüez Part entered order on September 19, 1958, which produced the first entry in the registry declaring in favor of said petitioners the ownership of a property which was described as follows:

RURAL: Measuring 3 and ¼ cuerdas situated in ward Algarrobo, formerly bounded on the North, by Hermógenes Vargas, afterward by Balbina Alers, and nowadays by Rafael Ramírez de Arellano; on the West, formerly by Hermógenes Vargas, afterward by Balbina Alers, and nowadays by Rafael Ramírez de Arellano; on the South, formerly by the widow of Heyliger, and nowadays by Rosendo Quiñones; and on the East, formerly by the highway which leads from Mayagüez to the town of Añasco and by Carmen Segarra, nowadays Eduardo Serrano. The property contains a two-story house, second floor made of wood and ground floor made of wood and concrete, zinc roofed, and another small frame house with zinc roof in the form of a chalet, these small houses were built by the former owners.

The foregoing order decreeing ownership is dated September 19, 1958, and the property thus described was recorded in the registry of property at folio 160 of volume 441 of Mayagüez, property No. 12,678, first entry, in favor of José Domingo and Carmelo Franqui Torres.

Plaintiffs' next witness was José Domingo Franqui Torres, one of the petitioners in whose favor was declared the ownership previously sought of the described property of 3 and ¼ cuerdas. The witness testified that he was the petitioner in said dominion title proceeding, jointly with his brother; he said that he knew the plaintiffs and their parents; that plaintiff María Tirado lives on a parcel of land bounded by the aforesaid property which belonged to her and which she sold

afterward to Samuel Toro, and which now belongs to defendant; and it is bounded by the property of Rosendo Quiñones; that the parcel where plaintiff María Tirado lives has an approximate area of one fourth cuerda, is fenced, and at no time whatsoever had the witness been owner of said property, nor did he sell it to any person, either. That now the witness knew that Arellano, who purchased that property, was claiming that part from him as being part of the property which belonged to the witness. He affirmed that he had never sold plaintiffs' property to Samuel Toro, the person from whom defendant acquired it afterward.

Aside from this claim of defendant, the witness does not know anyone who had disturbed plaintiffs in the enjoyment of said property. His parents, from whom he acquired the property, together with his brother, never claimed that property from plaintiffs as belonging to them, either. As to those facts the witness was not cross-examined.

When the defendant did not accept that the testimony of plaintiff María Tirado would be cumulative and corroborative of that of her brother already in the record, the latter testified: She said being 73 years old and, in effect, her testimony corroborates and reaffirms all that was said by the previous witnesses. She said that she had lived on the property for 48 years, since it was acquired by her parents in the year 1919. She reaffirmed that her property is fenced with poles and a line of trees along the boundary by Franqui. She was not cross-examined on the facts in controversy.

Among the documentary evidence there are two certifications which constitute evidence of both parties. In one of them it is set forth that in the District Assessment Office of Mayagüez there appeared an assessed property in the name of María Tirado Saltares, located in ward Algarrobo of Mayagüez, with No. 29-02-207-085-003-*13*-001, land and house valued at $1,330, and tax-exempt. The second certification establishes that in the same District Assessment there appears

an assessed property in the name of Supreme Broadcasting Co., Inc., in ward Algarrobo of Mayagüez, assessed at $6,930, land and structures, with No. 29-02-207-000-008-*83*-001.

From plaintiffs' *Exhibit 6*, which is an assessment map, there appears parcel No. 13 actually assessed in the name of plaintiff María Tirado Saltares, bounded by No. *83*, of defendant. Five assessed small houses within defendant's parcel do not include plaintiff's house. The record mentions an action of accession concerning this property filed by the defendant before the District Court against plaintiffs.

With that evidence in the record, the trial court dismissed the complaint. It stated thus:

"Plaintiffs' evidence has been vague and insufficient to establish that, within the surface and boundaries of defendant's property, there is enclosed a parcel of land belonging to said party.

".    .    .    .    .    .    .    .

"CONCLUSIONS OF LAW—Plaintiffs having failed to establish that within the territorial jurisdiction of defendant's property there is enclosed a portion of land of their property, we decide that they do not have standing and lack interest and personality to attack the validity of the order entered in the Mayagüez Part in case CS-58-871.

"Plaintiffs, as part of their 'onus probandi,' had to establish, properly, the identity of the property which they allege was enclosed within the perimeter (the jurisdiction or boundaries) of defendant's property."

We cannot agree with the judgment rendered. The incontestable evidence in the record, which was not even controverted through the cross-examination, satisfactorily shows that plaintiffs' property, the possession of which they have enjoyed publicly, quietly, peacefully, and uninterruptedly for 48 years, without any one disturbing them in such possession until the defendant started to claim the property as belonging to it, is not a part of the three and one fourth cuerdas tenement object of the dominion title proceeding. Under these

circumstances, it would not be necessary to render judgment here on the nullity of said title proceeding, since plaintiffs do not seek to claim as theirs the 3 and one fourth cuerdas.

The foregoing does not justify the dismissal of the complaint. Plaintiffs were not interested in establishing that their property formed a part of defendant's property, as was apparently understood by the trial court. They established all the opposite.

■ Under those circumstances, they were entitled to a declaratory judgment—considering the litigious issue raised by defendant's claims to the effect that plaintiffs' parcel belonged to it as a part of the 3 cuerdas property whose ownership was recorded in favor of a previous owner—decreeing that they are the owners of such 15 hundredths of a cuerda parcel and its house, in view of the uncontradicted evidence in the record by virtue of the deed of sale of 1919, as well as by virtue of a title by extraordinary acquisitive prescription, which was properly established.

■ Under Rules 6.5 (b) and 10.2 (b) [*sic*] of the Rules of Civil Procedure of 1958, a litigant is entitled to a judgment according to law under any state of facts which he has established and which support the applicable law. *Cf. Reyes* v. *Heirs of Sánchez Soto, ante,* p. 299, and cases cited therein.

For the grounds stated, the judgment appealed from will be reversed, and another rendered decreeing that plaintiffs-appellants are the owners in possession of the parcel of 15 hundredths of a cuerda and its house, as described in the complaint. Costs of the proceeding and those incurred on appeal pursuant to Rule 44.4 (c) of the Rules of Civil Procedure, plus $800 for attorney's fees before the trial court, shall be imposed upon defendant.

Mr. Chief Justice Negrón Fernández and Mr. Justice Rigau did not participate herein.